IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>$1,433,196.55 IN FUNDS SEIZED FROM WELLS FARGO ACCOUNT ENDING IN 1877;<br>$45,740.76 IN FUNDS SEIZED FROM WELLS FARGO ACCOUNT ENDING IN 6339;<br>$12,864.11 IN FUNDS SEIZED FROM WELLS FARGO ACCOUNT ENDING IN 6347,<br><br>*Defendant in rem*. | No. 3:20-CV-442-B |

## JOINT MOTION TO STAY CIVIL FORFEITURE PROCEEDING

The Plaintiff United States of America and Claimant Trinity Clinical Laboratories, LLC; Claimant John Grisham; Claimant James Courville; Claimant Rob Wilburn; and Claimant John Berberian (all Claimants), move, pursuant to 18 U.S.C. § 981(g), to stay this civil forfeiture action for an additional 180 days from the current expiration of the stay order (November 12, 2022), up to and including May 11, 2023, [1] and in support states:

---

[1] The Court has administratively closed this civil forfeiture case.

**Joint Motion to Stay Civil Forfeiture Proceeding – Page 1**

## I. FACTUAL BACKGROUND

On February 21, 2020, the United States filed its Complaint against the following property, which was seized on or about September 27, 2019:

a.  $1,433,196.55 in funds seized from Wells Fargo account in the name of Trinity Clinical Laboratories, LLC ending in 1877;

b.  $45,740.76 in funds seized from Wells Fargo account in the name of Trinity Clinical Laboratories, LLC ending in 6339;

c.  $12,864.11 in funds seized from Wells Fargo account in the name of Trinity Clinical Laboratories, LLC ending in 6347.

(Defendant Property). Complaint (Dkt. 1).

On May 22, 2020, the United States and Claimants filed a joint motion to stay this civil forfeiture proceeding. (Dkt. 26). On September 22, 2021, the United States filed a Notice of Related Case, *United States v. Grisham, Wilburn*, 3:21-CR-440-M (N.D. Tex.). (Dkt. 42). In the criminal case, trial is scheduled for February 27, 2023. (Dkt. 41). In this civil forfeiture case, there have been ongoing and periodic continuances of the stay, and the current stay expires on November 12, 2022. (Dkt. 44). On May 16, 2022, this Court stayed this civil forfeiture case an additional 180 days, up to November 12, 2022. (Dkt. 46).

## II.     ARGUMENT AND AUTHORITIES

### A. GOVERNMENT'S POSITION IN SUPPORT OF STAY

1. The law provides for the stay of a civil forfeiture case pending the conclusion of a related criminal investigation or trial, "if the court determines that civil discovery will adversely affect the ability of the government to conduct a related criminal investigation or the prosecution of a related criminal case." *See* 18 U.S.C. § 981(g); *see also United States v. All Funds on Deposit*, 456 F. Supp. 2d 64, 65 (D.D.C. 2006) ("Two things are obvious from this language: 1) the Government must satisfy the court that civil discovery would adversely affect the criminal case; if so, then 2) the court must grant the stay.").

2. A stay is necessary in this case to protect the ongoing criminal investigation from the expansive scope of civil discovery.  The related criminal investigation and the civil forfeiture case arise from the same facts and circumstances, as set forth in the Complaint and the ex parte declaration in support of the original stay motion.  As set forth in the declaration in support of the original stay motion, discovery in this case would compromise the investigation by permitting discovery of individuals who may be called at a criminal trial or otherwise involved in the criminal investigation, including witnesses (who have a Fifth Amendment right to remain silent), law enforcement agents, and individuals involved in the scheme under investigation.

3. As further set forth in the declaration in support, civil discovery also would compromise confidential law enforcement information, as well as provide improper opportunities for individuals to ascertain prematurely the details of the ongoing criminal

investigation by earlier and broader civil discovery than is permissible in criminal proceedings. *See, e.g., United States v. One Assortment of Seventy-Three Firearms*, 352 F. Supp. 2d 2, 4 (D. Me. 2005) (granting a stay after finding "that the subject criminal investigation and this civil forfeiture case arise out of the same facts and circumstances and are clearly related to each other. The criminal investigation is ongoing, and the parties, witnesses, facts, and circumstances involved in the two proceedings are likely to be the same."); *United States v. Real Property and Improvements Located at 10 Table Bluff Road*, No. C-06-5256-SI, 2007 WL 911849, at *2 (N.D. Cal. Mar. 23, 2007) ("[C]ivil discovery will likely adversely affect the ability of the Government to conduct the related criminal investigation because it will subject the Government's criminal investigation to broader and earlier discovery than would occur in a criminal proceeding.").

4.  Accordingly, because engaging in conventional, civil discovery would likely compromise an ongoing related criminal investigation, a stay is appropriate under 18 U.S.C. § 981(g).

   B. **CLAIMANTS' POSITION IN SUPPORT OF STAY**

   A stay would allow Claimants to avoid the burden of possibly having to assert their Fifth Amendment right against self-incrimination. *See* 18 U.S.C. § 981(g)(2). It is well-established that "the Fifth Amendment does not forbid adverse inference against parties to civil actions when they refuse to testify in response to probative evidence offered against them." *Baxter v. Palmigiano*, 425 U.S. 308 (1976). "A party who asserts the privilege against self-incrimination must bear the consequence for lack of evidence."

*United States v. Taylor*, 975 F.2d 402, 404 (7th Cir. 1992); *see also Rylander*, 460 U.S. 752, 758 (1983).  Moreover, a claimant cannot submit his own affidavit which offers evidence controverting facts which he refuses to answer by invoking the Fifth Amendment.  *U.S. Currency in the Sum of One Hundred Eight-Five Thousand Dollars*, 455 F. Supp. 2d 145, 151 (E.D.N.Y. 2006) ("Where the affiant refuses to submit to cross-examination regarding its contents, the affidavit cannot be considered.").

### III.   RELIEF REQUESTED

For the reasons set forth above, the parties respectfully request this civil forfeiture proceeding be stayed pending the conclusion of the related criminal case, or alternatively for an additional 180 days, up to and including May 11, 2023.  A proposed order is attached to this motion and sent to the Court's e-mail address in Word format.

    Respectfully submitted,

    CHAD E. MEACHAM
    UNITED STATES ATTORNEY

    */s/ Dimitri N. Rocha*
    DIMITRI N. ROCHA
    Assistant United States Attorney
    Florida Bar 693332
    1100 Commerce Street, Third Floor
    Dallas, TX 75242-1699
    Telephone: 214-659-8650
    Facsimile: 214-659-8803
    E-mail: Dimitri.Rocha@usdoj.gov
    ATTORNEYS FOR THE UNITED STATES

ROBERT HAWKINS
Platt, Cheema Richmond PLLC
1201 N. Riverfront Blvd
Suite 150
Dallas, TX 75027
Email: bhawkins@pcrfirm.com
Telephone: 214-559-2700

/s/ Brian Steel
BRIAN STEEL
The Steel Law Firm, PC
1800 Peachtree Street, Suite 300
Atlanta, GA 30309
Telephone: 404-605-0023
Facsimile: 404-352-5635
E-mail: thesteellawfirm@msn.com
ATTORNEYS FOR JOHN BERBERIAN[2]

/s/ Paul D. Werner
PAUL DONALD WERNER
Buttaci, Leardi & Werner, LLC
212 Carnegie Center
Suite 202
Princeton, NJ 08540
Telephone: 609-799-5150
Facsimile: 609-799-5180
E-mail: pdwerner@buttacilaw.com
ATTORNEY FOR TRINITY CLINICAL LABORATORIES, LLC

---

[2] Dr. Berberian and JBJB Holdings assert that they are a majority member of Trinity Clinical Laboratories and do not waive that ownership claim.

**Joint Motion to Stay Civil Forfeiture Proceeding – Page 6**

4817-7376-2492.v1

/s/ Daniel Hagood
DANIEL K. HAGOOD
ALEXANDRA HUNT
Daniel K. Hagood, P.C.
2515 McKinney Ave., Suite 940
Dallas, TX 75201
Telephone: 214- 720-4040
Facsimile: 214-237-0905
E-mail: dhagood@sorrelshagood.com
ATTORNEYS FOR JOHN GRISHAM

/s/ Lee Vartan
LEE VARTAN
Chiesa Shahinian & Giantomasi, PC
One Boland Drive
West Orange, NJ 07052
Telephone: 973-530-2107
Facsimile: 973-530-2357
E-mail: lvartan@csglaw.com
BARRETT R. HOWELL
Katten, Muchin, Rosenman, LLP
2121 North Pearl Street
Suite 1100
Dallas, TX 75201
Telephone: 214-765-3681
Facsimile: 214-765-3602
E-mail: barrett.howell@kattenlaw.com
ATTORNEYS FOR JAMES COURVILLE

/s/ Brian D. Poe
BRIAN D. POE
Brian D. Poe Attorney, PLLC
909 Throckmorton St.
Fort Worth, TX 76102
Telephone: 817-870-2022
Facsimile: 817-9776501
E-mail: bpoe@bpoelaw.com
ATTORNEY FOR ROB WILBURN

## CERTIFICATE OF SERVICE

      I certify that on November 7, 2022, I electronically filed this document with the Clerk for the United States District Court, Northern District of Texas, using the electronic case filing ("ECF") system. The ECF system will send a "Notice of Electronic Filing" to all parties/counsel for record who have consented in writing to accept the Notice as service of this document by electronic means.

                                            */s/ Dimitri N. Rocha*
                                            DIMITRI N. ROCHA
                                            Assistant United States Attorney